May please the court and counsel. My name is Jason Wood. I represent the appellant Louis Augustine Vasquez He alleged Essentially two claims that are at issue on appeal here Discriminatory termination based upon race and Retaliatory termination Based upon my mr. Vasquez's reports of racial harassment by his supervisor Jeff Baird I'm going to start in reverse order the way from the briefing with the retaliation claim That may be at least in our mind one of the most obvious errors of the district court There has been no dispute below or on appeal that I can tell that the city of Idaho Falls Concedes a prima facie case has been established the question that was raised and on appeal is the district court said Beyond the prima facie case there's no direct evidence of retaliation and there's no circumstantial evidence of retaliation and we disagree We believe that the evidence of retaliation is the proximity in time from the last reported and complained of racial harassment which occurred in September of 2015 in November 2015 The city fired. Mr. Vasquez the Ninth Circuit. We believe has made it clear that Evidence based on timing can be sufficient to let the issue go to the jury Even even in the face of alternative proffered reasons by the defendant and indeed in the Coe's alter case the Ninth Circuit indicated that three to eight months is easily within a Time range that can support an inference of retaliation and we believe the judge did say That it was sufficiently retaliation was sufficiently pled, but was it really that's that's an issue on appeal That was an issue raised on appeal I think as a Certainly as a practical matter The issue went well beyond the pleading stage and into something well past over the facts in the bleeding stage the facts alleged in the pleading stage were that Essentially as I've alleged that mr. That mr. Vasquez was subjected to racial harassment over the course of his Over the course, I think the facts as I read in the complaint is the city fail Fired him because of race and in retaliation for complaints about protesting of racial Harassment that that's what was alleged to it. Those aren't facts. That's really a legal conclusion well, I can go through the Through the allegations of the complaint, they're fairly detailed and I think we I think we alleged them in sufficient fashion But they there was no motion to dismiss for For failure to to plead them properly that issue was raised on summary judgment after the when those issues had been narrowed down focused with with discovery and But did you in reply? Did you complain about it? Reply on the motion for summary judgment complain about the they're having raised it for the first time Well Yes, I believe we I believe in in our in in our argument and in reply We I mean we we didn't argue that they waived that they've waived it necessarily Our argument was that we're past that point Procedurally that we're past the point of a rule 12b and we're now to a rule 56 motion Help me understand why there is enough evidence to go to trial on Title 7 with respect to race discrimination and then after retaliation, would you just review the evidence for me? Yes, your honor I'm the way I see the case from the other side is that the employer gets these reports of sexual harassment and It decides that they're valid and it fires them and it's not really disputing that Despicable racist, but they're saying there's very little evidence that Baird had anything to do with this It's not really disputing that the complaints to Martin had in there It's saying that there that there's very little evidence that the complaint Martin had anything to do with it They're just saying listen, we found he was a sexual harasser that gives us a plenty of reason to fire him and we did so Tell me the evidence that supports your version of the case I'll approach it initially from the from the pre from a pretext case analysis And we have presented substantial evidence we believe to just to undermine The sexual harassment as a basis namely that that it did not occur But but that really doesn't get you anywhere. Does it that? Whether it occurred or not isn't the issue The issue is whether the city had evidence from which it could have reasonably concluded that it occurred When you're dealing with pretext, isn't that correct? well My my reading of the what what we believe is the kind of the controlling Supreme Court case law in this case Which we believe is Reeves versus Sanderson plumbing is that there that that whether or not they're there is sufficient evidence to establish that that the reasons given were false by the employer and And we've we've established that we believe that we've undermined that and shown that there are there are very good reasons under rule 56 When when the evidence is reviewed in a light most favorable to the plaintiff that it was false Now we have a question here and as to go ahead I'm waiting for the facts now. Okay as to why it was false and you're you're talking about indirect not direct evidence, correct? Right now I'm focusing on the on the on the indirect evidence And as I've indicated Tanisha Coons, who's the alleged victim? Was a participant and initiated in fact the sexual banter of which she later complained against mr. Vasquez she She didn't report any of these things which allegedly occurred over a long period of time Not only to the employer which is Understandable not to sometimes it'd be being difficult to report those things but also even to her closest friend and roommate Whitney Manzanares She gave an affidavit in which she indicated this was something she had never mentioned before and Whitney worked for the city as well as well as being Tanisha's roommate and close friend There and there are two other alleged witnesses in this case Mr. Sergio Soto and we've undermined the reasons, you know the bases He lied on record forged my client's signature on an employment document in order to return to work after DUI He said he indicated that he wanted my client's job. So he had an axe to grind The other individual was a nephew of mr. Baird Yes of mr. Baird a nephew and which was against the city's Antinepotism policies That he had been a witness and You know all of those things that the the city Raises kind of the me to movement argument saying that this is not the kind of thing that we should consider Well, I don't think they did all that much I mean what they did is they they they took these statements, which by the way Brent Martin who was was a decision-maker in the case said he received these statements and and and the the allegations I believe was November 6 of 2015, which is a Sunday It was undisputed that was a Sunday and this is we all know government offices are not open on Sunday And that goes to the issue of the mendacity behind the falsity of the decision-making process But But but certainly they should at least have interviewed my client and gotten his story Well, okay, he receives the complaints on Sunday and you were about to tell me when he got fired, but then you got distracted Yes, it was within Within two weeks later. I think that was the sixth when the report came in and up by the 16th 15th or 16th He was terminated and mr. Martin denies That he ever got any complaints from your client about Baird That's correct, you know that that I think he did say that which is very surprising we have We've got a conflict in the evidence on that point. Yes, we do. So if your clients to be believed, mr Martin is not necessarily a credible witness. That's correct. Your honor Under rule 56. We believe that evidence should be reviewed in a light most favorable to my client Have you? I know you've argued this but I'm just wondering if you were going to assert this on appeal that Mr. Powell's affidavit is not sufficient enough Which you would be using for the purpose of establishing direct evidence of discrimination That it doesn't meet the requirements of 56 C4 which requires facts. Yes, your honor, and we've we did raise that issue on appeal It's a secondary issue only a portion of Darius Powell's Darius Powell's affidavit was stricken and the Frankly, I don't think it either way it supports the district court's decision whether whether it whether he properly strict Struck it or not. But in terms of your burden for direct evidence, you really need that don't you? Yes, but I believe the direct evidence and and if if you don't have that what else do you have for direct evidence of discrimination? Well, we we have relied upon the Vance line of cases in in support of the direct evidence And that's the hostile work environment though those that that is the context in which which that line of cases arises The whether or not the analysis of the Vance court is limited to a sexual harassment as opposed to an overall Discrimination claim is not an issue that was raised by the city and it wasn't addressed by the the by the district court Everyone pretty much assumed that Vance applied and well then if Vance applies though in that's hostile work environment That's you don't have that here. Although perhaps you're gonna argue that you do even though it wasn't alleged You're not claiming that that there is vicarious liability. Are you? we are claiming that the the that the That the discriminatory animus of mr. Baird is imputed to the city By virtue of mr Baird being a supervisor within the meaning of Vance and and Farragher and L earth in those line of cases He clearly under under the city's own written policies had the authority to make tangible employment decisions with regard to mr Vasquez Including up to and including firing as long as as long as that it receives approval but Baird at the time of the firing was Not then employed he was out on leave for some I forget now the reason I believe the court is referring to Yes, that's that is the allegation and the circumstances in which that arose are filled actually as to why you never got your hands on Baird and get a deposition from him. Well, it arose in unusual circumstances. He was he was he He was disclosed as a managerial level employee of the city of Idaho Falls We we originally had planned to depose him. Well, excuse me, mr. Baird We we never did we never did depose Well, I can't I can't answer that with the time that I've got but Because it's a long story Because it's a long story. In fact, I don't believe I reserved in my I'd like to reserve two minutes on her bow on the on the pretext Case though. I would like to point out we have identified several other items of evidence that established pretext in this case aside from the the Villarmo analysis that the district court relied upon in addition to proof showing that the Allegation of sexual harassment was false. There's the record is replete with other examples of pretext They didn't follow their own disciplinary policy with regard to mr. Mr. Vasquez progressive discipline, correct? They didn't follow that progressive disciplinary policy. They jumped right to termination. Whereas Despite the several allegations against mr. Baird That my client made of racial harassment They went to step one and stopped and so they didn't follow their own policy I think I know the answer to this question, but I want to make sure and it was Martin who fired him Well Martin was on the panel. They they they did what what I call basically a They make these decisions they get recommendations They make decisions and they fire somebody and then they they use that as in order to essentially launder any any discriminatory intent Martin was on that he there's no evidence that he actually committed acts of Discrimination, but he was aware of them and he was the one to whom my client complained about Baird Greg Weitzel who was the superintendent and I also believe the mayor of Idaho Falls I like to reserve about I have one minute and a half. Yes. Thank you. Your honor. I appreciate that May it please the court and counsel it We are asking the court to this court to affirm the district court's decision granting summary judgment Maybe if I can pick up with a couple of points that we were just discussing First it may help to understand the hierarchy at the City of Idaho Falls in the parks and rec department if we're unclear on that we have Various department heads one of them is Greg Weitzel. He's the department head over parks and rec below him There are a few division directors. One of them is Brent Martin who's over cemeteries then below Brent Martin We have Jeff Baird below Jeff Baird. We had mr. Vasquez and then he supervised some seasonal employees so on this issue that that you raised judge silver with regard to Vance and whether or not it applies in this case I do not believe that it applies and the reason is we have in Vance the court specifically said that you know the determination the Supreme Court said the determination of whether or not an employee is a Supervisor is can they make a tangible employment action and a tangible employment action is defined as hiring or firing? well, you know, I looked at the record on this though, and as Counsel has said There there are the personnel records and they are the personnel records on discipline and performance Improvement guide and it says that the supervisor and that would be who would that be? Mr. Baird could have yes fired him even though and the record indicates I think unequivocally that Specifically he did not but I think the argument made by the plaintiff is that because of that there's at least an inference that he was involved and Taking that into account with the fact that there is certainly sufficient evidence to get to the jury Undisputed evidence that this had occurred over a subnet. It's not undisputed that but that Mr. Baird had been had engaged in racial remarks and and Created an environment. Why isn't that enough to establish that he? Could have or if there's enough to establish that he was directly involved with the firing Let's but let's break that down into two parts first on the policy manual There there are two spots in this record that you've got to look to understand the city of Idaho Falls policy The first is at SCR 121 and that is the actual city of Idaho Falls personnel policy And what it says it's very clear and who may terminate an employee and it says regular Employees may be terminated only by a division director or by the mayor the division director in this case is Brent Martin He's a step above Jeff Baird That says Discipline and performance improvement guide that a supervisor can fire. Well, so that the city of Idaho Falls also did produce the discipline Performance improvement guide. It's a separate pamphlet that was distributed to supervisors to help them understand how to Implement their progressive discipline policy, but in that policy and in that improvement guide if you look at it specifically It says that they can recommend that a supervisor can recommend certain actions that be taken it talks about steps 1 through 3 and Suspension termination that has to be read in terms of the overall city of Idaho Falls policy Which says that if you're going to recommend termination that has to be done by the division director Which would have been Brent Martin and so it's removing that final decision-making authority from the supervisors Jeff Baird and at Vasquez's level and it is moving that up the chain to the division director or the mayor Okay, that's the break can I ask you a question then let's turn from the evidence of direct evidence of discrimination to the indirect evidence of discrimination and As I look at it, of course, is there a genuine issue of material fact and you take a look at what is undisputed? and as I I See one undisputed fact is that there was no progressive discipline in this case And an undisputed fact is that mr. Baird was never He was never disciplined Why isn't that enough? To establish pretext it's not enough because Jeff Baird was not involved in the decision to terminate Vasquez No, but but but in terms of pretext you have mr. Baird who was accused of Plaintiff and you have the plaintiff who was immediately disciplined. Why isn't that some at least? circumstantial evidence of pretext Again, I think it gets back to the the pre the the allegation that mr. Vasquez is making is that When he when that when you got a backup remember Tanisha Coons came in and made the report against mr. Vasquez What Brent Martin says is the first time I heard mr. Vasquez complain about it was when we confronted him About the sexual harassment, but what do you say when you say complain about it? What's your reference? I mean, what's what it referred to? one Complained about the racial comments. If you look at Brent Martin's affidavit He says the first time Jeff the first time Vasquez ever told me that Jeff Baird had been making racial comments Was when I confronted him about the but isn't that irrelevant on summary judgment that we have to look at the evidence in the light Most favorable to the non-moving party and the non-moving party says that I made multiple complaints to mr. Martin So mr. Martin's denial doesn't go to the summary judgment standard does it with regard to pretext? Sure So let's assume that we have this fact in the record that Vasquez says Jeff Baird has made comments about me And I complained about it and nothing was done, right? okay, so you still have to have a link between The nothing was done and the decision to terminate or to retaliate against mr. Vasquez, but that has to go to the jury When you have when it's a credibility issue, isn't it where you have disputed issues of fact that are relevant or material? Well, not mr. You have mr. Vasquez saying that I made these complaints and actually two months before he was terminated He said he made these complaints. Mr. Martin says no It never happened. The jury's got to decide that right? It's a disputed issue of fact credibility it would be if that fact if Jeff Baird was the one who made the decision to take some action against Vasquez, but here we have not only does Vasquez say I complained to Martin nothing was done about it. He also says and Martin lied about it Because he says I told Martin many times several times before Martin says the first time I heard about it was X so fast if we believe Vasquez he complained to Martin Martin did nothing and then Martin lied and now Martin is One of the people responsible for firing him then if you add to that to this portions of mr. Powell's Affidavits that are not admissible, but there are some facts which are admissible and he was the one purportedly I issue a fact that Told mr. Vasquez to keep a record right About the discriminatory comments. Why isn't that enough to get to the jury on this? Well, I don't know that keeping a record Telling someone to keep a record would have any effect on what the supervisors know The supervisors actually in place were Brent Martin and Jeff Baird what they would know about what was happening So what happened to those records they admit that there were records because mr Vasquez had tape recorded a conversation With mr. Martin and he said there were records, but we don't know where those records are Well, he says there were records but during his deposition He we have notebooks that we presented to him and when you read his deposition you can see the record somewhere Yeah, you can see books that were presented to mr. Vasquez. I might miss something I thought we did we those records were never turned over to him. Well, he says that he had additional notebooks so there is a notebook that he kept notes in that was discussed in detail at his deposition and Portions of it were read back to him. In fact when you look at the record at the portion where it talks about art Rodriguez It quote I quote back to mr. Vasquez one of the quotes out of his notebook now He claims he had other notebooks. We didn't have those We don't know where those are at Both parties have it. Yeah Counsel didn't the city originally Tell mr. Vasquez that one of the reasons he was being fired was because he improperly fired. I guess it's mr. Alvarez Yes, and isn't there evidence in the record that mr. Alvarez resigned? There is and so why isn't that evidence of pretext? Not necessarily the case though, because when if you look at the record and and I could find that for you But when I confronted mr Vasquez about that the note that he had made in his journal was I let him go because he was sitting around all day I mean So from the city of Idaho Falls his perspective again that gets back to their policy their policy Requires that a division director be involved with the termination and presumably if an employee is going to resign Resign Jeff Baird should have told the division director that as well I mean resigning are different and letting go may very well be him saying to Alvarez I'm kind of making this up, but I think it's permissible inference from what the evidence we've got is that he said, you know, you're a lazy dog and If you don't resign you may be in trouble and he resigns so I let him go I mean if he resigned he resigned it may be of course many resignations are sort of a nice way of getting fired but That sounds though. He didn't actually fire. He might have said something that led him to resign sure And I'm not sure that the facts in this record are Fleshed out enough to know what the answer is other than what Vasquez said about the city said one of the reasons We're firing you is because you improperly fired Alvarez, correct, correct. There's nothing in the record That shows that mr. Alvarez was actually terminated, correct? Yes, there is. It's mr. Vasquez his own statement But the statement being I let him go Yes Sure, but but at the same time he's no longer there and we have Vasquez his supervisor saying I let him go Aren't you really arguing that to the jury? instead of Established as a as a matter of law. Isn't that an issue of fact not necessarily I think if we back up and look at the context in which the city had this allegation the city had an allegation of sexual Harassment. Okay, when the city has the allegation of sexual harassment, they are investigating that allegation Mr. Vasquez comes in and says well, I have been comments have been made about my race over time Let's look at what the actual record has from mr. Vasquez on that. I think that that's important for this court if you look at SCR 42 when I asked him about The timing of the alleged comments that he's saying to mr. Martin In I asked him in the relation to the time frame that your father passed Does that help you remember when the comments were made? I don't exactly know Do you know if you remember it was while he was still alive? Yes, so it was his father died in September of 15 Do you remember if it was months prior? He said I want to say maybe months At best we have mr. Vasquez coming in on November 13th at his hearing that he was given and at his hearing He comes in and says well, no, I've been discriminated against on the basis of race Jeff Baird made comments about my race about my father When he tries to pin that down, he thinks that that was months before September of 15 and so the only argument that that would have any bearing would be on the nexus in time is There a sufficient nexus in time to suggest that that's a pretext and if we look at some of the cases that this court Some of the cases we've cited on the nexus in time I Want to point to a couple of No, I don't think it was too much part by his own testimony He said he recalled it being months prior to September of 15 But aren't there other places in the record where he testified where mr Vasquez testified that he reported the racial harassment in 2010 2014 and 2015 Yes, so so what I'm saying is that he claims to have made these reports months or years earlier and time goes on I I Don't think that that's enough of a nexus in time for this court to say there is a sufficient pretext You don't like the Coo's altar case, but I do I wrote it that says if it's very close in time that may help but Sometimes like, you know, there's an old mafia saying revenge is best when served cold some people wait around So so I think that if when this court looks at those facts I think that the district court properly analyze those things and when the district court is looking at it The district court is relying on a couple of things first You've got to look at the decision makers that are in place making this decision How can you say that it was Jeff Baird that was retaliating or making the decision if Jeff Baird wasn't involved in the decision Maybe you know the answer. Why don't we have anything from Jeff Baird in this record because the plaintiffs never deposed him We were you unwilling to provide any address or willing? Absolutely, not absolutely not The plaintiff knew who he was it was his immediate supervisor at the time that the plaintiff was I don't know He was terminated from the city of Idaho Falls shortly after mr. Vasquez He was under investigation for improper use of computers at the time. He was not involved in the decision so the only way that you can say that there was a pretext some retaliatory animus is if Jeff Baird was involved in that decision-making process and he wasn't The record is completely clear that he was not in fact He was out on leave at the time and when you look at the Vance case You can't even make the vicarious liability argument because Jeff Baird wasn't a supervisor with the authority to make that decision Anyway, we would request that the court affirm the district courts grant of summary judgment. Thank you Just briefly your honor, thank you, by the way Judge Fletcher with regard to Baird. We didn't depose him, but he was disclosed as As a as a managerial level by the city with the name and address of their attorneys that never changed They never supplemented that they later on said oh he After it was too late for us to respond. They said oh, he wasn't really a supervisor We we removed his supervisor the supervisory capacity But they did that after discovery and they did it after their opposition to the motion for summary judgment And so we didn't have an opportunity to respond to that and you have any case applying Vance and Advance was a later case, of course than the other cases we have on direct evidence of discrimination Do you have any evidence applying Vance to to establish direct evidence of discrimination because Baird here? Was not involved in the decision I wanted At least specifically or factually that is a very good question. And I have the same question I did find a couple of district court cases. I didn't find that. I didn't find a circuit level court court level cases It's among those that I cited in my brief on the direct evidence those district district court cases where where the court applied that vicarious liability standard from Vance in a Just a district straight discrimination case as opposed to a sexual harassment case, but other than that, I'm not aware of a any other context I would also point out art Alvarez. I would direct the court's attention to er 183 where the city and its personnel action with regard to art Alvarez says that he found a different job Spoliation the we have the video in which Brent Martin my client says to Brent Martin I have these notebooks and they contain these allegations in there and Martin goes actually leaves goes into the office finds them comes back and says, okay But we need to go through them and make sure there's nothing in there that the city needs to keep And and then within a couple of months they disappear That in the deposition That a deposition of mr. Vasquez that he had he had a some kind of a notebook there But it wasn't did they eventually turn over the notebook? They handed over one notebook He if you look in the record, and I don't have the citation, but in our briefing We he's got like three or four that he kept and he we have a declaration from his wife who had been would come to his office and and He would show her what was in those notebooks. She testified that they existed as well in the deposition I didn't receive all the notebooks. Did he say that correct? Yes. Yes, and those that citation is in the record Thank you very much Vasquez versus City of Idaho Falls now submitted for decision
judges: W. Fletcher, Bennett, Silver